**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BEATRICE VODE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No.   2:20-cv-257 |
| | ) |
| NATIONWIDE CAPITAL | ) |
| SERVICES, LLC, *doing business as* | ) |
| Structured Settlement | ) |
| | ) |
|    Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, BEATRICE VODE ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NATIONWIDE CAPITAL SERVICES, LLC, *doing business as* Structured Settlement ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the Town of Chesterton, Porter County, State of Indiana.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Nevada limited liability company and collection agency based in the City of Las Vegas, Clark County, State of Nevada.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from an unpaid payday loan.

18. The alleged debt owed arises from transactions for personal, family, or household purposes.

19. Plaintiff does not owe the alleged debt.

20. Within the past one year of filing her Complaint, Defendant has been placing collection calls to Plaintiff in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff on her cellular telephone at 219-395-6177in an attempt to collect the alleged debt from Plaintiff.

22. Defendant also calls Plaintiff's husband on his cellular telephone at 219-405-5981 in an attempt to collect the alleged debt from Plaintiff.

23. Defendant calls Plaintiff and Plaintiff's husband from several numbers, including 219-247-7089, which is one of Defendant's telephone numbers.

24. Plaintiff has answered some of Defendant's collection calls.

25. During the above-referenced collection calls:

    a. Defendant's collectors demanded payment of the alleged debt from Plaintiff;

    b. Plaintiff disputed owing the alleged debt;

    c. Plaintiff requested that Defendant stop calling Plaintiff and Plaintiff's husband;

    d. Defendant's collectors threatened Plaintiff that Defendant would seize Plaintiff's property if Plaintiff did not pay the alleged debt;

    e. Defendant's collectors threatened to call and harass Plaintiff at her place of employment if Plaintiff did not pay the alleged debt;

    f. Defendant's collectors threatened to call and harass Plaintiff's family if Plaintiff did not pay the alleged debt;

    g. Defendant's collectors called Plaintiff a liar;

    h. Defendant's collectors named Plaintiff's son by name and told Plaintiff that her son should be embarrassed of Plaintiff; and

    i. In response to this extreme harassment, Plaintiff agreed to make a payment toward the alleged debt.

26. Despite Plaintiff disputing owing the alleged debt and requesting that Defendant stop calling Plaintiff and Plaintiff's husband, Defendant has continued to call Plaintiff and Plaintiff's husband unabated.

27. Defendant calls Plaintiff and Plaintiff's husband at an annoying and harassing rate.

28. To date, Defendant has not made any payment toward the alleged debt.

29. To date, Defendant has not filed suit against Plaintiff.

30. Defendant has never had any intention of filing suit against Plaintiff.

31. Defendant also leaves voicemail messages for Plaintiff and Plaintiff's husband in an attempt to collect the alleged debt.

32. Defendant's above-referenced egregious actions were an attempt to coerce Plaintiff into payment of the alleged debt.

33. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

34. The natural consequences of Defendant's statements and actions was to produce an

unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

36. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

   b. Defendant violated § 1692d(2) of the FDCPA by its use of language the natural consequence of which is to abuse the hearer illegal and empty threats, called Plaintiff a liar, and told Plaintiff that Plaintiff's son should be embarrassed of Plaintiff;

   c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff and Plaintiff's husband at an annoying and harassing rate and continued to do so even after Plaintiff told Defendant to stop calling Plaintiff and Plaintiff's husband;

   d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

   e. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the

5

character, amount, or legal status of any debt when Defendant's collectors made illegal and empty threats as alleged above;

f. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors made illegal and empty threats as alleged above;

g. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collectors made illegal and empty threats as alleged above;

h. Defendant violated § 1692e(7) of the FDCPA with its false representation or implication in order to disgrace the consumer when Defendant's collector made illegal and empty threats, called Plaintiff a liar, and told Plaintiff that Plaintiff's son should be embarrassed of Plaintiff;

i. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

j. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

k. Defendant violated § 1692f(6) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an

6

      enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Defendant's collector made illegal and empty threats as alleged above;

l. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant employed coercive and harassing tactics in its attempts to collect the alleged debt; and

m. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt.

WHEREFORE, Plaintiff BEATRICE VODE, respectfully requests judgment be entered against NATIONWIDE CAPITAL SERVICES, LLC *doing business as* Structured Settlement, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

      c. Any other relief that this Honorable Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

DATED: July 9, 2020                    By: /s/ James J. Parr
                                         James J. Parr
                                         IL State Bar #: 6317921
                                         Agruss Law Firm, LLC
                                         4809 N. Ravenswood Ave., Suite 419
                                         Chicago, IL 60640
                                         Tel: 312-224-4695
                                         Fax: 312-253-4451
                                         james@agrusslawfirm.com
                                         Attorneys for Plaintiff